

# OFFICE OF
# THE ATTORNEY GENERAL
## AUSTIN, TEXAS

Gerald C. Mann

Honorable Temple Shell
County Attorney
Wichita County
Wichita Falls, Texas

Dear Sir:

Opinion No. 0-3314
Re: What salary is the tax
assessor-collector of
Wichita County entitled
to for 1941, in view of
House Bill 759, passed
by the 47th Legislature,
and Senate Bill 5, pass-
ed by the 44th Legislature?

Your recent request for an opinion of this depart-
ment upon the above stated question has been received.

We quote from your letter as follows:

"I enclose herewith a letter of the Wichita
County Auditor to me, which is self-explanatory.

"I have advised him that H. B. No. 759,
passed by the 47th Legislature, is a special
law in that it affects the salary of Tax Assessor-
Collector of Wichita County only, and is there-
fore unconstitutional; and that the salary of
the Tax Assessor-Collector of Wichita County
is $4,750.00 per year under General law, S. B.
No. 5, passed by the 44th Legislature, and he
should honor the Tax Assessor-Collector's account
accordingly.

"My opinion is based on the cases of Bexar
County vs. Tynan, et al, 97 SW 2 467 (November 4,
1936), and Miller vs. El Paso County, 150 SW 2
1000, (April 23, 1941).

"The County Auditor has requested me to
write you for an opinion on the following
question:  'What salary is the Tax Assessor-
Collector of Wichita County entitled to for
the year 1941, in view of the two above laws?'"

The letter of the County Auditor, bearing date of
June 27, 1941, addressed to you, reads as follows:

of the Tax Assessor-Collector of this County, which he claims due him for the month of June, 1941, also the amount of $52.08 which he claims is due him for May salary due to the passage of H. B. No. 759, by the 47th Legislature, regular session, same effective May 5, 1941.

"From an examination of the records of this County I find that on January 1, 1936, the salary of the Tax Assessor-Collector of this County was set, by the Commissioners Court, at $4,750.00 per year, same in compliance with S. B. No. 5, passed by the 44th Legislature, second called session, same fixing salaries of County officers. This has been repeated every year since 1936, and on the first of this year the Commissioners Court set the salary of the Tax-Assessor-Collector of this county, along with other County Officials at $4,750.00 for the year 1941.

"I find that the Tax Assessor-Collector has two different salaries, one set by the Commissioners Court, acting in accordance with a General Law, S. B. No. 5, 44th Legislature, and another salary as set out in the first paragraph in this letter.

"Please advise this department the amount of salary the Tax Assessor-Collector of this County is legally entitled to for the year 1941 in order that we may make the correct payments to him."

House Bill 759, Acts of the 47th Legislature, 1941, reads as follows:

"An Act fixing the compensation of Tax Assessor-Collector in all counties having a population of more than seventy thousand (70,000) and not more than eighty thousand (80,000) according to the last preceding Federal Census, or any future Federal Census, and with an assessed valuation of more than Forty Million Dollars ($40,000,000.00); repealing all laws, or parts of laws in conflict herewith; and declaring an emergency.

"Be It Enacted by the Legislature of the State of Texas:

(70,000) and not more than eighty thousand
(80,000) according to the last preceding Fed-
eral Census, or any future Federal Census, and
with an assessed valuation of not less than
Forty Million Dollars ($40,000,000), the Tax
Assessor-Collector shall receive a salary of
Fifty-five Hundred Dollars ($5500), payable in
equal monthly payments.

"Sec. 2. It is hereby declared to be the
intention of the Legislature that the provi-
sions of this Act shall control in all things
as to the counties affected hereby, and any
and all laws in conflict herewithare hereby
repealed to the extent and only to the extent
of such conflict.

"Sec. 3. The fact that the Tax Assessor-
Collectors in counties of more than seventy
thousand (70,000 and not more than eighty
thousand (80,000) population and with an assess-
ed valuation of not less than Forty Million
Dollars ($40,000,000) are now being paid
salaries not commensurate with their services
and duties and responsibilities and the fact
of the crowded condition of the calendar,
create an emergency and an imperative public
necessity that the Constitutional Rule re-
quiring that all bills be read on three
several days in each House be and the same
is hereby suspended, and this Act shall take
effect and be in force from and after its
passage, and it is so enacted."

We agree with your conclusion that House Bill 759,
supra, is unconstitutional. This department has written
many opinions holding that similar bills, which seek to
fix the salaries of county officers in a particular county,
are in violation of Section 56, of Article 3 of the State
Constitution, which provides in part:

"The Legislature shall not, except as
otherwise provided in this Constitution,
pass any local or special law, authorizing:

". . .

"Regulating the affairs of counties,
cities, towns, wards or school districts;

"     ". . .

"And in all other cases where a general
law can be made applicable, no local or
special law shall be enacted; . . ."

After carefully considering House Bill 759, supra, in connection with Section 56, Article 3 of the Texas Constitution, Bexar County v. Tynan, et al, 97 S. W. (2d) 467, and Miller v. El Paso County, 150 S. W. (2d) 1000, and the authorities cited therein, we are of the opinion that said House Bill 759, supra, is a local or special law attempting to fix the salary of the County Tax Assessor-Collector of Wichita County, and therefore is unconstitutional and void.

According to the 1930 Federal Census, Wichita County had a population of 74,416 inhabitants, and according to the 1940 Federal Census, said county has a population of 73,437 inhabitants. According to both of the Federal Censuses above mentioned, Wichita County is the only county in the State coming within the population bracket designated in House Bill 759, supra.

With reference to the amount of salary the Tax Assessor-Collector of Wichita County is entitled to for the year 1941, we direct your attention to Articles 3883, 3891, and Section 13 of Article 3912e, Vernon's Annotated Civil Statutes. Section 13 of Article 3912e, supra, provides in part:

"The Commissioners' Court in counties having a population of twenty thousand (20,000) inhabitants or more, and less than one hundred and ninety thousand (190,000) inhabitants according to the last preceding Federal Census, is hereby authorized and it shall be its duty to fix the salaries of all the following named officers, to-wit: . . . assessor and collector of taxes . . . Each of said officers shall be paid in money an annual salary in twelve (12) equal installments of not less than the total sum earned as compensation by him in his official capacity for the fiscal year 1935, and not more than the maximum amount allowed such officer under laws existing on August 24, 1935; . . ."

Under the provisions of the statutes mentioned above, the maximum salary of the Tax Assessor-Collector of Wichita County cannot exceed the sum of $4,750.00 per year. It is shown in the letter of the Auditor, quoted above, that the Commissioners' Court fixed the salary of the Tax Assessor-Collector of said county along with other county officials at $4,750.00 for the year 1941. Therefore, it is our opinion that the salary of said Tax Assessor-Collector for the year 1941 is $4,750.00.

Trusting that the foregoing fully answers your inquiry, we a

Yours very truly
ATTORNEY GENERAL OF TEXAS

APPROVED JULY 16, 1941
/s/ Grover Sellers
FIRST ASSISTANT ATTORNEY GENERAL
APPROVED OPINION COMMITTEE, BWB, Chairman

By /s/ Ardell Williams
Assistant    AW:GG:lr